**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT CHAMBERS, # B-74665, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-1112-GPM |
| | ) | |
| ROBERT HUGHES, DAVID JOHNSON, | ) | |
| RICHARD HARRINGTON, | ) | |
| MONICA NIPPE, and J. KEMPFER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence for murder as well as two 25-year sentences for other offenses. Plaintiff claims that he is confined in an unsanitary segregation cell in conditions hazardous to his health, after he was found guilty of a disciplinary infraction following a hearing that violated his due process rights. Further, he has filed a motion seeking injunctive relief (Doc. 3) to remedy his conditions of confinement.

**The Complaint**

On August 12, 2013, Plaintiff was charged with "insolence" and "threat or intimidation" after an officer identified him as the person who yelled "hoes" at several female prison employees (Doc. 1, pp. 6, 11). Plaintiff insists he was misidentified and never said anything to the female staff. He requested witnesses for his hearing and submitted a written statement in his defense (Doc. 1, p. 12). However, Defendants Hughes and Johnson, who conducted the hearing on August 14, 2013, refused to consider Plaintiff's statement or testimony, and failed to call his

witnesses to the hearing.  Based on the statement of a correctional officer, Plaintiff was found guilty of the offenses and punished with six months in segregation, among other sanctions (Doc. 1, pp. 6, 11).  He was not allowed to rebut the officer's report or question the witness against him (Doc. 1, p. 8).

Plaintiff was placed in segregation cell 644 in Unit N2 on August 21, 2013.  The mattress was (and continues to be) "saturated with an unknown liquid that smells of urine or ammonia," the toilet bowl is contaminated with mold and fungus, and the walls and floors are filthy and sticky (Doc. 1, p. 7).  Plaintiff became ill after two weeks of living with these conditions.  He reported these problems to Defendant Kempfer (correctional officer) on several occasions, requesting a different mattress and cleaning supplies.  Defendant Kempfer responded that no cleaning supplies are passed out in segregation, and if Plaintiff didn't like it, he should not have come to segregation.  Plaintiff also wrote six grievances and three letters to Defendants Nippe (counselor) and Harrington (warden) complaining about the conditions, as well as spoke personally with Defendant Nippe on two occasions (Doc. 1, pp. 4, 7).  However, neither one responded to his complaints.  The conditions in Plaintiff's cell have not improved, and he has now been confined there for over two months (Doc. 1, p. 8).

Plaintiff also asked Defendants Kempfer and Nippe to summon medical staff to help him with his ailments, but both responded that was not their job.  Plaintiff sent written requests for medical treatment, but had not been seen as of the date of his complaint (Doc. 1, p. 7).

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Hughes and Johnson for deprivation of a liberty interest without due process **(Count 1)**, and against Defendants Kempfer, Nippe, and Harrington for confining Plaintiff in unsanitary, unconstitutional conditions **(Count 2)**. These claims shall receive further review.  However, Plaintiff's allegations that Defendants Kempfer and Nippe refused to assist him in obtaining medical care **(Count 3)** fail to state a constitutional claim upon which relief may be granted, and shall be dismissed.

## Dismissal of Count 3

Plaintiff claims that the unsanitary cell conditions made him ill.  However, he never elaborates further on what symptoms or specific ailments he experienced or reported to those from whom he sought help.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In order to state a claim for deliberate indifference to medical needs, the complaint must indicate first, that the plaintiff's medical condition was objectively serious, and secondly, that the

state officials acted with deliberate indifference to his medical needs, which is a subjective

standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). A medical need is "serious"

where it has either "been diagnosed by a physician as mandating treatment" or where the need is

"so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

*Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective component requires

actual knowledge of, or reckless disregard for, a substantial risk of harm on the part of the

defendant(s). *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of

seriousness of condition of prisoner with ruptured appendix because he "did his part to let the

officers know he was suffering").

The complaint's vague allegation that Plaintiff was "ill" does not plead sufficient facts to

suggest either that Plaintiff suffered from an objectively serious medical condition, or that any

Defendant was deliberately indifferent to a substantial risk of harm to Plaintiff. *See Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). Accordingly, **Count 3** shall be dismissed without prejudice

for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to pursue this claim further, he may submit an amended complaint,

within 35 days of the entry of this order, to present any facts which may exist that would support

his claim for deliberate indifference to medical needs. If the amended complaint still fails to

state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of Count 3 shall

become a dismissal with prejudice. The amended complaint shall be subject to review pursuant

to § 1915A.

## Pending Motions

Plaintiff's motion for injunctive relief (Doc. 3) seeks an expedited hearing to remedy the

unsanitary conditions in his cell, specifically seeking cleaning supplies and a clean mattress.

These allegations indicate that Plaintiff is being subjected to ongoing harm and risk to his health. Thus, without opinion as to the ultimate merits of the claims in Count 2, the Court's preliminary review indicates that Plaintiff's motion for injunctive relief as to this issue deserves prompt review and final determination.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), the portion of Plaintiff's motion for injunctive relief (Doc. 3) that relates to the claim in **Count 2** for unconstitutional conditions of confinement, is hereby **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for an evidentiary hearing and issuance of a report and recommendation.  Personal service on the Defendants shall be ordered.  Judge Wilkerson shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the Defendants' responses to the motion for injunctive relief.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Wilkerson.

Plaintiff's motion also requests medical treatment, and an order releasing him from punitive segregation and returning him to his prison job.  As noted above, the complaint fails to state a claim as to Plaintiff's need for medical treatment (Count 3).  Whether Plaintiff may be entitled to release from punitive segregation cannot be determined without further evidentiary development of the claim in Count 1, and the Court finds no reason to expedite review of this issue.  Plaintiff has not stated any claim for entitlement to his former prison job.  Therefore, these portions of Plaintiff's motion for injunctive relief (Doc. 3) are **DENIED** without prejudice.

The motion for service of process at government expense (Doc. 4) shall be **GRANTED** as ordered below.

**Disposition**

      **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **IT IS FURTHER ORDERED** that, should he wish to proceed on his deliberate indifference claim in **COUNT 3,** Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support this claim and naming the individual Defendants directly responsible for the alleged deprivations in Count 3, within 35 days of the entry of this order (on or before **December 3, 2013**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own without reference to any other pleading, and in addition to Count 3, must contain the allegations in Counts 1 and 2, which shall receive further review as determined above.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 3 becoming a dismissal with prejudice.  Review of Counts 1 and 2 shall proceed whether or not Plaintiff submits an amended complaint.

      The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

      The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HUGHES, JOHNSON, HARRINGTON, NIPPE,** and **KEMPFER**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 3), and this

Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **HUGHES, JOHNSON, HARRINGTON, NIPPE,** and **KEMPFER,** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 3), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

       If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

       Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

       Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED: October 30, 2013**

                               s/ G. PATRICK MURPHY
                               United States District Judge